The Honorable Steve Higginbothom State Senator Post Office Box 242 Marianna, Arkansas 72360
Dear Senator Higginbothom:
I am writing in response to your request for an opinion on a follow-up question to Op. Att'y. Gen. 2004-127, concerning whether the Palestine Municipal Water Department can charge the owner of real property with the delinquent water bills of a former tenant. I concluded in Op. Att'y. Gen. 2004-127 that such action was in all likelihood unlawful absent a state statute authorizing the imposition of such liability or authorizing a lien on the property for the payment of the charges in question. I also stated that in the previous opinion request, you had not indicated whether the action of the Palestine Municipal Water Department was based upon a city ordinance or just a general policy and practice of the Department. You have now enclosed a copy of a City of Palestine ordinance (Ordinance 99-04), which does, in Section 1(g), impose this liability on the part of the property owner. You state, however, that this particular delinquency "was allowed to accumulate for more than a year and only after a new tenant's occupancy was the owner given notice of this delinquency and charged with the former tenant's water bill. You now pose the following question:
 What is the legality of the water department holding the owner responsible for charges, when the water department allowed this delinquency to occur over many months without terminating water service to the tenant or notify [sic] the owner of the property?
RESPONSE
It is my opinion, as I concluded earlier in Opinion 2004-127, that the City of Palestine does not have authority to impose a delinquent tenant's water bill on the owner of the property. It is unnecessary to reach any question of what notice was given, or how long the charges were allowed to accumulate, because the City does not have the authority to impose these charges irrespective of what type of notice is given. This was the conclusion of Opinion 2004-127 and this conclusion is only reaffirmed by the legislative history of the analogous law relied upon in the Ordinance.
Some explanation is necessary. The ordinance in question (Ordinance 99-04), provides in pertinent part as follows:
 If tenants of rental property have a delinquent bill which cause [sic] a cutoff of services to them, then the Owners of said rental property shall be responsible for paying all past due bills and reconnection fees to their leased premises before water and sewer services will be furnished again to said leased premises. Under the provisions of Arkansas Code Annotated Section 19-4112 (1980 Repel. [sic]) a lien is fixed upon the fee title to the land and current improvements for any unpaid sewer service charge and even though the use of the sewer system [sic] shall not be subject to a sewer charge. The burden of proving non-use of the property during vacancy shall rest upon the owner of the property.
I assume that the correct statutory reference above should be to Arkansas Stat. Ann. § 19-4113. Former section 19-4112 of the Arkansas Statutes, referred to above, governs another topic, the "sinking fund" to pay bonds issued to construct sewer works, now codified at A.C.A. § 14-235-221. Former section 19-4113 contains language relevant to a landowner's liability for charges incurred by a lessee. It is now codified at A.C.A. § 14-235-223. It governs rates and charges for sewer service.[1] As originally adopted as Act 132 of 1933, this state statute included language authorizing the imposition of a tenant's sewer charges on the owner of the property and provided for a lien against the property to enforce the charges. See Acts 1933, No. 132, § 13 and Jernigan v.Harris, 187 Ark. 705, 62 S.W.2d 5 (1933). As stated in Jernigan, supra:
 This [section] 13 of the act provides that: "It is the intention of this act that a landowner shall be liable for such service charge, even though the use of the sewer system is by his tenant or lessee; but vacant, unoccupied property not actually using such works shall not be subject to a service charge."
* * *
 It is further provided that all rates or charges, if not paid when due, shall constitute a lien upon the premises served by such works, "said charges to constitute a lien upon the fee title to the land and permanent improvements, even though the occupant receiving the benefit of the service for which the rate or charge is due has merely a leasehold interest (or other lesser estate) in the premises," and that the service charge or rate may be recovered by the sewer committee of the council by a suit in the chancery court, where a lien shall be declared and foreclosed to enforce the payment.
Id. at 708.
This language from Act 132 of 1933 would stand as plentiful authority for the City of Palestine to impose sewer[2] charges of tenants on property owners, had the language not been repealed by the General Assembly in 1985.
Act 290 of 1985 is entitled "AN ACT to Amend Section 13 ofAct 132 of 1933 [Ark. Stat. 19-4113] to Eliminate the Provision that a Landowner Is Liable for City Sewerage Service Charges Even Though the User is the Landowner's Tenant or Lessee; and for Other Purposes." This 1985 act removed any language referring to the authority to impose such charges on the property owner. That language has not been a part of the Arkansas Code since the effective date of Act 290, which was March 8, 1985. The emergency clause of Act 290 provided as follows:
 Emergency. It is hereby found and determined by the General Assembly that it is inequitable to require a landowner to be liable for the sewerage system charges incurred by the landowner's tenants and lessees; that this bill eliminates such liability and should be given immediate effect in order to eliminate the inequity resulting from the present law. Therefore, an emergency is hereby declared to exist and this Act being immediately necessary for the preservation of the public peace, health and safety shall be in full force and effect from after its passage and approval.
As stated previously, therefore, the City of Palestine does not have statutory authority to impose water or sewer charges incurred by tenants upon the owner of the property. With regard to water charges, no state statute authorizes this action and state law does not authorize the imposition of any lien in this regard. See Op. Att'y. Gen. 2004-127. With regard to sewer charges, although state law formerly authorized the imposition of such charges against the owner of property, statutory authorization for this action was removed in 1985.
In response to your question, therefore, it is unnecessary to address what type of notice, if any, was given to an owner of property in an attempt to enforce these charges. The City does not have the authority in the first instance to impose such charges upon an owner of property, no matter how perfect and timely the notice might be.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] This statute does not mention or govern rates and charges for water service.
[2] See again note 1 as to the applicability of this law to water charges. Act 131 of 1933 (the act immediately precedingAct 132 of 1933), governs the provision of water services (see now A.C.A. §§14-234-201 to -218 (Repl. 1998)) and it did not contain any language similar to Section 13 of Act 132 of 1933 with regard to imposing a tenant's charges on a property owner.